UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC MICHAEL IGLESIAS,

                Plaintiff,

                                          **Hon. Hugh B. Scott**

                v.                          **14CV251A**

                                          **Report
and
Recommendation**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

                Defendant.

      Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 5 (plaintiff), 9 (defendant Commissioner)).

## INTRODUCTION

      This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

      The plaintiff ("Eric Iglesias" or "plaintiff") filed an application for disability insurance benefits on December 14, 2009. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated June 3, 2011, that the plaintiff was not disabled

---

[1] On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for the now former Commissioner Michael Astrue as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on February 20, 2014, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on April 10, 2014 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 5, 9). The motions were deemed submitted on December 19, 2014 (Docket No. 7), with defendant filing a supplemental reply with a recent Second Circuit decision (Docket No. 13, citing Swiantek v. Comm'r of Soc. Sec., No. 14-362-cv, 2015 WL 106346 (2d Cir. Jan. 8, 2015) (summary order) (affirming Swiantek v. Comm'r of Soc. Sec., No. 12CV1030, Docket Nos. 18 (Report & Recommendation), 24 (Order adopting Report)).

## FACTUAL BACKGROUND[2]

Plaintiff was born on November 7, 1984, and has a high school education and no past relevant work (R. 22). Plaintiff claims impairment from a right hand injury, when his hand was lacerated in 2008, and anxiety and depression.

## MEDICAL AND VOCATIONAL EVIDENCE

In 2008, plaintiff was cut by his ex-girlfriend, requiring twenty-three stitches to repair. He underwent tendon surgery in his right arm in April 2011 and had loss of feeling in 50% of his right hand. (R. 18, 147-48.) His doctor gave plaintiff a five pound restriction with lifting and carrying (R. 18). Plaintiff is right-hand dominant and cannot write and can only type (slowly) with his left hand (R. 18, 147, 148). Plaintiff, however, has gaps in his treatment and has not had surgery to correct his right hand, although surgery was recommended in March 2011 and plaintiff appeared to have agreed to it (R. 18, 21). He did not start physical therapy (R. 18). He has anxiety and depression from not working and his injuries, but he is inconsistent in taking

---

[2]References noted as "(R.__)" are to the certified record of the administrative proceedings.

medication or seeking follow up evaluations (R. 18, 19).   The ALJ notes that plaintiff had a history of not being compliant with treatment (either for the arm or anxiety and depression) (R. 18, 20).   Plaintiff explained at the hearing that the tendon transplant was very painful and may hurt him more than help him (R. 37; Docket No. 5, Pl. Memo. at 7).   He also testified that it was very hard for him to even lift five pounds (R. 32).

   Dr. Navidra Ramdeen examined plaintiff on January 28, 2010, at defendant Commissioner's request (R. 19, 147).   Plaintiff complained that he still suffered from radiating pain from his right arm, with lifting or carrying more than five pounds resulting in pulling and sharp shooting pain down his right forearm (R. 19, 147).   Plaintiff's right hand grip strength was 3/5 while his grip strength in his left hand was 5/5 (R. 20, 150).   Dr. Ramdeen opines that plaintiff has marked limitation for lifting and carrying even light objects with his right hand (R. 20, 150-51).   The ALJ, however, discounted these findings concluding that there was no opinion that plaintiff's condition was worse than the ALJ's ultimate findings (R. 21), that is that plaintiff has the capacity to use a gripping force of not over five pounds (R. 18).

   The ALJ found that plaintiff had a residual functional capacity to perform light work except slow typing, and he could drive but with a special knob.   His residual functional capacity would require the use of gripping force to use objects not more than five pounds.   The ALJ also found that plaintiff should have no dealings with the public or occasional dealing with supervisor and co-workers.   (R. 18-20.)   The ALJ did not find any impairment to be equal in severity to any listed disability.   The ALJ found that the record "reflects significant gaps in the claimant's history of treatment," with plaintiff not entirely compliant with treatment suggesting to the ALJ that "the symptoms [claimed by plaintiff] may not have been as limiting as the claimant has alleged in

connection with this application" (R. 21). The ALJ notes that there were no opinions from treating or examining physicians indicating that plaintiff was disabled or had limitations greater than those noted by the ALJ (R. 21).

In particular, plaintiff's claimed anxiety and depression did not meet the "paragraph B" criteria (finding mild or moderate restrictions) and no "paragraph C" criteria. For plaintiff's claimed mental impairment, the ALJ found that plaintiff had moderate restriction in activities of daily living, but only mild restrictions for social functioning, concentration, persistence or pace, and had no episodes of decompensation. Hence, the ALJ concluded that the "paragraph B" criteria of listing 12.04 were not met. (R. 17-18.) The ALJ considered, and then rejected, the "paragraph C" criteria (R. 18).

The ALJ then obtained the expert opinion of Timothy Janikowski, who opined that plaintiff could perform work such as being a laminating machine off bearer or bakery helper—conveyor line (R. 22). As a result, the ALJ concluded that plaintiff could perform other work in the national economy and was not disabled (R. 23).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

>   (1) whether the plaintiff is currently working;
>
>   (2) whether the plaintiff suffers from a severe impairment;
>
>   (3) whether the impairment is listed in Appendix 1 of the relevant regulations;

>   (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
>   (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff argues that this matter should be remanded because the ALJ failed to state the weight he gave to the consultative examination of Dr. Ramdeen, who found

marked limitation for lifting and carrying objects in his right hand (R. 151; Docket No. 5, Pl. Memo. at 10).   He faults the ALJ for finding that no examining physician had indicated that plaintiff was disabled (R. 17) or had conditions worse than identified by the ALJ, arguing that the ALJ should have further developed the record to obtain treating source statements from an orthopedist (Docket No. 5, Pl. Memo. at 12).

Defendant Commissioner responds that the ALJ implicitly relied upon Dr. Ramdeen's findings in finding the residual functional capacity, incorporating (for example) the weight restriction and special equipment requirements for plaintiff to perform light work (Docket No. 9, Def. Memo. at 15-17).   Defendant notes that Dr. Ramdeen made no finding as to plaintiff's limitation on his left hand and arm (id. at 17).   Next, defendant argues that the ALJ properly assessed plaintiff's credibility regarding his subjective complaints (id. at 18).   Finally, defendant argues that the ALJ was not obligated to further develop this record (id. at 20).   In a further reply letter (leave to file retroactively granted), defendant reinforces Commissioner's argument that the ALJ did not need to obtain a treating source opinion, citing recent Second Circuit precedent rejecting that argument (Docket No. 13, letter reply of def. Jan. 12, 2015, citing Swiantek., supra, 2015 WL 106346 (2d Cir. Jan. 8, 2015)).

Plaintiff counters in reply that an implicit weighing of medical opinion is not allowed under the Social Security regulations (Docket No. 11, Pl. Reply Memo. at 1-2).

The issue thus is whether the ALJ weighed Dr. Ramdeen's opinion that plaintiff had marked limitation even for lifting light objects.   While the ALJ repeats Dr. Ramdeen's findings, the ALJ did not assess the weight to be given that opinion, and specifically did not address the marked limitation for lifting even light objects.   The parties differ whether plaintiff can lift at all

(plaintiff contends he cannot) or whether he can lift up to five pounds (defendant's argument). The ALJ needs to state what weigh is to be given Dr. Ramdeen's opinion that there is a marked limitation at any weight.   Remand is thus appropriate on this basis.

Defendant's contention about plaintiff's ability to use his left hand and arm does not address the fact that plaintiff is right-side dominant (R. 32-33).   Plaintiff testified, for example, about aspects of his daily life that he could not perform (or performs with difficulty) with only his left hand.   He stated that he could not wash dishes because that task requires two hands (R. 42) and he was tired of cleaning around the house or carrying a laundry basket with one hand (R. 43, 44).   Plaintiff also stated that he could type slowly with only his left hand (R. 45-46).   He complains that he tried shaving with his left hand but he cut himself badly (R. 47).   Whether plaintiff could perform lifting with his left hand is not the issue where there was no finding by the ALJ that plaintiff could perform light work with his off hand.

Plaintiff suffers from his arm injury but has not sought treatments to alleviate his condition. While surgery was recommended in March 2011, it is not clear in the record that plaintiff pursued it.   What is also telling is that this surgery would have been for an injury that occurred three years before with minimal treatment since the injury.   But plaintiff explained that he was concerned that tendon surgery would cause more harm and pain than good (R. 37).

The parties discuss the duty of the ALJ to bring in treating source opinion (compare Docket No. 11, Pl. Reply Memo. at 5-8 with Docket No. 9, Def. Memo. at 20-21).   The Second Circuit's recent affirmance in Swiantek, supra, 2015 WL 106346, at *2, held that "although the Social Security regulations express a clear preference for evidence from the claimant's own treating physicians over the opinion rendered by a consultative examiner, see 20 C.F.R. § 416.912, this

Court does not always treat the absence of a medical source statement from claimant's treating physicians as fatal to the ALJ's determination, see Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 33-34 (2d Cir. 2013)," there finding that there were no "obvious gaps" in the medical record to require remand to obtain treating source opinions.   Here, the consultative examiner found marked limitation that the ALJ did not express the weigh thereof.   Obtaining additional treating source opinions are not required here.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 9) should be **DENIED** and plaintiff's motion for similar relief in his favor (Docket No. 5) should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>**  Thomas

v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 21, 2015